PHILLIPS PETROLEUM COMPANY,
Plaintiff-Appellant,

v.

SID RICHARDSON CARBON &
GASOLINE COMPANY et al.,
Defendants-Appellees.

No. 27095.

United States Court of Appeals
Fifth Circuit.

Sept. 15, 1969.

Rehearing Denied Jan. 9, 1970.

black plants owned by the respective litigants. The district court held no infringement. Finding no error of law or clear error of fact in the holding, we AFFIRM.

■■ The legal principles applicable to this suit are not in serious dispute. A process patent is one concerning:

> a mode of treatment of · certain materials to produce a certain result. * * * [A process]. is an act, or a series of acts, performed upon the subject-matter to be transformed and reduced to a different state or thing.

Cochrane v. Deener, 94 U.S. 780, 788, 24 L.Ed. 139 (1877). Such a patent protects the inventor from anyone's adopting his process, and, more importantly in our suit, from anyone's adopting a process that operates in substantially the same manner and under the same physical laws to produce the same result as that of the patented process. Kemart Corp. v. Printing Arts Research Laboratories, Inc., 201 F.2d 624, 629 (9th Cir. 1953). See Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 608, 70 S.Ct. 854, 94 L.Ed. 1097 (1950). This latter protection is provided by "the doctrine of equivalence", Spee-Flo Mfg. Corp. v. Binks Mfg. Co., 264 F.Supp. 542 (S.D. Tex.1967), aff'd mem. 392 F.2d 585 (5 Cir. 1968), and the reason for allowing such protection is obvious. "[T]he range of equivalence to be awarded a patent will depend on the circumstances," Spee-Flo, supra, at 545 of 264 F.Supp., and Phillips asks in this case that its patent be granted a broad range of equivalents, as it claims the patent is a valuable contribution to the carbon black art. There was evidence that, and the trial court found that Phillips' patent was "not a basic or pioneer patent;" the judge therefore properly held that the patent was entitled only to a "fair range of equivalents commensurate with [its] scope."

■ Phillips was properly faced below with the burden of proving that the accused process is fairly equivalent to

Sidney Neuman, James R. Dowdall, Michael O. Warnecke, Chicago, Ill., Ardell M. Young, Fort Worth, Tex., J. Arthur Young, Bartlesville, Okl., for plaintiff-appellant; Brown, Herman, Scott, Young & Dean, Fort Worth, Tex., L. Malcolm Oberlin, Bartlesville, Okl., of counsel.

Bruce Tittel, Cincinnati, Ohio, Walter H. Schneider, Houston, Tex., Rufus S. Garrett, Jr., Fort Worth, Tex., for defendants-appellees.

Before WISDOM and CARSWELL, Circuit Judges, and ROBERTS, District Judge.

ROBERTS, District Judge:

On October 29, 1962, Phillips Petroleum Company filed this patent infringement suit, alleging that Richardson was infringing one claim of a Phillips process patent for the production of carbon black. Following exhaustive pre-trial discovery, the parties proceeded to a lengthy trial before the court, during which the judge even visited carbon

the patented process. In meeting that burden, Phillips offered much expert testimony to show the similarity of the two processes. Richardson countered with its own experts who testified to the differences in the processes. The trial court had to resolve the conflicting testimony in order to reach both his factual findings and his conclusion of no infringement. These findings are attacked here by Phillips. In reviewing questions of fact resolved by a district court, this Court must apply the "clearly erroneous" test required by Rule 52(a) F.R.Civ.P., and discussed in Chaney v. City of Galveston, 368 F.2d 774, 776 (5th Cir. 1966), which applies as much to patents cases as to any others on appeal in the federal courts. American Seating Co. v. Southeastern Metals Co., 412 F.2d 756, 758 n. 5 (5th Cir. 1969). We now turn to Phillips' specific allegations of factfinding error.

The Court feels no need to detail all the complicated facts of this case, as was ably done by the court below in his careful and comprehensive opinion. For our purposes, it suffices to say that both the Phillips and Richardson methods for making high-quality carbon black entail the use of a long furnace in which a residue oil or "feedstock" is burned into carbon black when its comes into contact with a "combustion mixture" of extremely hot air and gas.

■ The district judge found that one of the distinctive characteristics of the Phillips process is the method in which the combustion mixture is injected into the furnace; namely, at an angle with the walls so that a swirling blanket of combustion gas is formed, which adheres to the side of the furnace by centrifugal force. The judge below found that "tangential introduction,

swirling movement or helical flow * * are essential steps in the [Phillips] process * * *," even though the patent claim allegedly violated—Claim 26— does not mention a particular method of injecting the combustion gas into the furnace. Although there could have been more evidence on this point, the judge below certainly could have concluded from the evidence that was introduced that tangential injection was a basic part of the Phillips process.[1] All but two of the patent's twenty-nine claims, for example, specifically mention tangential injection; moreover, all of Phillips' furnaces actually use tangential injection and, as the judge below stated, no evidence was introduced showing how the surrounding blanket of gas—which even Phillips' engineers admit is critical in the Phillips process—could be produced without the tangential injection. There was ample evidence that Richardson's injections were not tangential, spiraling, or helical, but rather were axial, and we cannot say that the judge was clearly erroneous in finding this an important difference between the two processes.[2]

■ Phillips next argues that the district judge erred in finding that there was no "blanketing" (surrounding of the feedstock by the combustion mixture) in Richardson's process, and since the blanketing of the feedstock by the hot combustion gases is a critical element in the Phillips process patent, Richardson should be found to have infringed. One of Phillips experts, a Dr. Helmers indeed testified that his interpretation of tests run on the Richardson furnace showed a blanketing action in the accused reactor; one of Richardson's experts, however, a Dr. Lewis, testified that his tests showed no

1. Indeed there was evidence introduced below which strongly indicates that Phillips added Claim 26—the only important claim in their patent which is not limited to tangential injection—in an unlawful attempt to broaden their claim to the prejudice of persons having intervening rights. 293 F.Supp. at 558 n. 2(b).

2. The judge below ruled that even if tangential injection were not read into the Phillips process, the differences in the flow, mixing and heating of the feedstock in the two processes establishes no infringement.

blanketing in the accused reactor. "When there is a marked conflict among expert witnesses, the case is clearly one which calls for the application of Rule 52(a) of the Fed.R.Civ.Proc." American Seating Co. v. Southeastern Metals Co., 412 F.2d 756, 758 (5th Cir. 1969). We cannot say the district judge was clearly erroneous in finding that there was no blanketing in the Richardson process.

■ Phillips next complains of the district court's seizing upon the plaintiff's attorneys' use of the phrase "delayed and controlled heating"[3] to characterize an essential part of the Phillips method of burning the feedstock into carbon black. Although appellant's counsel seem to fear they have hoisted their client on a petard of their own making, their fear is not justified; for, aside from the doubtful wisdom of this court's adopting a policy of punishing litigants for the mistakes of their lawyers, the phrase is neutral enough and does seem a felicitous one for describing precisely what happens to the feedstock in the Phillips furnace. Indeed, on the facts the phrase would have had to be coined had it not been supplied. Again, the issue on the record is whether or not to accept the appellant's or the appellee's experts' definitions of "delayed and controlled heating." Appellants in their brief admit that the question is simply a matter of degree, and in fact have earlier in the case distinguished the prior art by reference to the "relative" control and delay in heating the feedstock in the Phillips process. We defer to the district judge's finding that an essential part of Phillips' process is the delayed and controlled heating of the feedstock, and that Richardson's process, which uses a relatively instantaneous heating of the feedstock, is fundamentally different.

■ The last point seriously advanced by Phillips is that the district court was clearly erroneous in finding that a choke zone in the Richardson furnace is a third chamber, rather than merely the entrance to the second chamber in a two-chamber reactor like Phillips' furnace. Phillips correctly states the law that patent infringers "do not avoid infringement of the method by varying the details of the apparatus by which they make use of it." Smith v. Snow, 294 U.S. 1, 20, 55 S.Ct. 279, 79 L.Ed. 721 (1935). Was the district judge incorrect, then, in saying that the Richardson choke zone "serves to create the most fundamental difference between the processes in question by its effect on the heating, mixing and flow of the combustion products and feedstock?" While, as the appellant argues, some choking action is undoubtedly involved in the Phillips process, or at least choking is not "totally inconsistent" with the Phillips process, as the appellee would have us believe, there is ample evidence in the record to support the district judge's finding that *relatively*, the choke intensifies the complete mixing of the combustion gases with the feedstock, and whether or not the choke is a third chamber, breaks up the flow of the uniform "blanket" of combustion gas that seems so basic in the Phillips process.

After a careful re-consideration of the lengthy record in this case we are not left with the impression that the district judge's findings of fact and conclusions of law—formulated over the six years this case was in the district court—are clearly erroneous, and we therefore

Affirm.

3. "In Phillips' tentative findings of fact and conclusions of law * * * Phillips proposed the following finding on the question of whether the Rembert Patent No. 2,090,766 anticipated the patent in suit: * * * * Thus this method [Rembert] involves instantaneous heating of the hydrocarbon as distinguished from the *delayed and controlled heating and mixing of the method of the patent in suit.*" 293 F.Supp. at 570 (emphasis on original).